# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Ryan L. Hooker   Docket No. 3:18MJ00050 (DJN)

### Petition on Probation

COMES NOW Antwan D. Harris, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Ryan L. Hooker, who was placed on supervision by the Honorable David J. Novak, United States District Judge for the Eastern District of Virginia, on the 5th day of July, 2018, who fixed the period of probation at 18 months, and imposed the general terms and conditions heretofore adopted by the Court, and also imposed special conditions and terms as follows:

SPECIAL CONDITIONS:

1) The defendant shall serve a term of twenty (20) days of intermittent confinement consisting of ten (10) weekends, which must be served within the first ten (10) months of probation.
2) The defendant shall perform forty (40) hours of community service in the community of the offense within the first ten (10) months of probation. Defendant shall give special consideration to seniors in the community when selecting his service, which must be approved by the probation officer.
3) The defendant shall pay the balance owed on any Court-ordered financial obligations in full within the first ten (10) months of probation.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

(See Attachments)

PRAYING THAT THE COURT WILL ORDER a warrant to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

It is hereby ORDERED that the Petition, with its attachment and arrest warrant be sealed. It is further ORDERED the Petition, its attachment and arrest warrant, shall remain sealed until the warrant is executed, at which time the Petition, its attachment and warrant should be unsealed and made part of the public record.

**Bond Recommendation: Detention is recommended.**

| ORDER OF COURT | I declare under the penalty of perjury that the foregoing is true and correct. |
|---|---|
| Considered and ordered this 14th day of November, 2019 and ordered filed and made a part of the records in the above case. | Executed on: 11/13/2019 |
| /s/ David J. Novak<br>The Honorable<br>United States District Judge | Antwan D. Harris<br>United States Probation Officer<br><br>Place: Richmond, Virginia |

TO CLERK'S OFFICE

OFFENSE: Obstruction of Mail, in violation of 18 U.S.C. § 1701, a Class B Misdemeanor.

SENTENCE: 18 months probation and a $10.00 special assessment.

ADJUSTMENT TO SUPERVISION: Mr. Hooker began his second period of probation on July 5, 2018, following a resentencing. A Petition was submitted to the Court noting violation of the Mandatory Condition: Commission of a Crime - Delay or Destruction of Mail. This was regarding a complaint that on February 16, 2018, 32 tubs of U.S. Mail were discovered in the dumpster across from Mr. Hooker's apartment. He pled guilty to the charge and was sentenced as noted above.

Throughout Mr. Hooker's second period of probation, he has continued with deceptive practices in addition to using marijuana. On March 8, 2019, the Probation Officer contacted Mr. Hooker and informed him that I was en route to his apartment to conduct a home contact. Upon my arrival, Mr. Hooker was standing in front of the apartment building. He advised he was no longer residing in the downstairs apartment, "164-D," and that he moved to the upstairs apartment, "164-B." A tour of the apartment was provided, and it was nicely furnished and neat. A subsequent home contact was conducted on May 24, 2019, and again, Mr. Hooker was sitting in front of the apartment waiting on this officer's arrival. At that time, he signed the necessary paperwork regarding substance abuse treatment with District 19 Community Services Board, as Mr. Hooker had been testing positive for marijuana. Due to him once again sitting in front of the apartment building, this officer instructed him to open the apartment to make sure he was still residing there and not just meeting this officer because he knew I was coming. There was a subject sitting on the sofa watching television upon this officer's arrival. Mr. Hooker advised it was his cousin who was "just passing through" and had stopped by for a few days. Further, any correspondence sent by mail to the newly-provided address has been returned "undeliverable." Mr. Hooker was confronted about it and advised he has not been getting his mail. As a result, correspondence was given to him during office visits.

On November 8, 2019, an attempted home contact was made at Mr. Hooker's alleged apartment. There was no answer at the door. A door hanger was left on the door, and a business card was left in the door. Subsequently, this officer went to the rental office and inquired on Mr. Hooker's status. Kim James, the leasing manager, advised that Mr. Hooker moved out of Apt. 164-D, the downstairs apartment, one year ago as of October 17, 2018, and his whereabouts were unknown. She further advised that he has never resided in the upstairs apartment, and this officer has been virtually, "chasing a ghost." It was discovered that Mr. Hooker had been apparently meeting with this officer at the apartment when he knew a contact would be conducted. Ms. James advised that the actual tenant from Apt. 164-D still resides in the apartment.

In addition to Mr. Hooker being deceptive about his address, he tested positive for marijuana on several occasions. Also, the Court-ordered community service hours have not been completed despite him advising on September 16, 2019, that the hours had been completed. At this time, the probation office believes Court action is necessary to determine the best course of action.

VIOLATIONS: The following violations are submitted for the Court's consideration:

**SPECIAL CONDITION:**          **FAILURE TO COMPLETE COMMUNITY SERVICE AS ORDERED**

Mr. Hooker was instructed to complete forty (40) hours of community service within the first ten (10) months of probation. With the exception of four (4) documented hours, Mr. Hooker has not provided proof of completing the remaining thirty-six (36) hours. During an office visit on September 16, 2019, he claimed the

hours were completed, and he would return to the office on Thursday, September 19, 2019, with documentation of the same. To date, he has failed to do so. The Probation Officer contacted both the Petersburg and Colonial Heights Goodwill stores, and neither store had any documentation of Mr. Hooker performing community service hours.

**CONDITION #6:**            **FAILURE TO NOTIFY THE PROBATION OFFICER WITHIN TEN DAYS OF ANY CHANGE IN RESIDENCE**

As stated above, Mr. Hooker moved out of his apartment on October 17, 2018, and his actual address is not known to the Probation Officer.

**CONDITION #7:**            **USE OF MARIJUANA**

Mr. Hooker tested positive for marijuana on the following dates: September 12, 2018; March 19, 2019; April 3, 2019; April 18, 2019; and July 10, 2019. Each sample confirmed positive for marijuana use. Regarding the September 12, 2018, positive, Mr. Hooker initially denied using but later admitted he used after discovering his mother had pancreatic cancer. He was placed on the UA hotline and instructed to contact District #19 for a substance abuse assessment, to be followed by treatment if deemed necessary. However, after several negative drug tests, the referral was discontinued, and he was told to make sure that he did not test positive anymore and that he would continue on the UA hotline. Given that he tested positive for marijuana five months later, he was again instructed to report to District #19 for a substance abuse assessment. Due to Mr. Hooker having insurance and being a veteran, he was told by staff at District #19 to reach out to McGuire Veteran's Hospital for services. However, in lieu of doing so, the Probation Officer told him if he were to continue testing positive, he would be required to start attending NA/AA meetings.

ADH/djb